ANNA S. JUSTICE, complainant-appellant,

*v.*

HARRY S. JUSTICE, defendant-respondent.

[Submitted February term, 1940.   Decided April 25th, 1940.]

*Mr. James Mercer Davis,* for the complainant-appellant.

*Mr. J. Edward McGlincy* (*Mr. James B. Avis,* of counsel), for the defendant-respondent.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

The decree in this case adjudged money differences between the parties to this action, husband and wife, awarded the

wife limited execution for the debt and denied her counsel fees and costs. The bill of the complainant-wife prayed that the husband be decreed to pay the sum of $2,000 which she had loaned him on May 16th, 1931. The proof is convincing that the wife obtained the money for her husband's purposes by mortgaging her separate estate to obtain the sum needed. The husband used the money to acquire a gasoline station. The wife claims that title to this property was to be put in her name as security for the loan. The husband took title to the property in his own name but later, upon her remonstrance at his breach of their agreement, the husband had title conveyed to them jointly. The wife appeals from that part of the decree which limited her right of execution and denied costs and counsel fees.

It is not necessary to recount the testimony of the parties. It is sufficient to say that the finding of the court that the sum advanced to the husband by the wife was in fact a loan is a legitimate fact conclusion from the proofs. The learned vice-chancellor in the decree, however, restricted the complainant's right to execution thus: "that the right of the complainant to execution is limited solely to the land and premises described in the bill * * * [*i. e.*, the gasoline station] but without recourse against the defendant for any deficiency which might arise upon the sale of the same to satisfy the lien herein * * *."

In the conclusions filed by the vice-chancellor, he said that he was convinced that the money was loaned by the wife in order that her husband might buy the gas station and that the property so acquired was to have been the wife's security for the debt and that thus an equitable lien upon those premises resulted. Assuming this to be precisely true, it nonetheless is no reason for restricting her right of execution. From the testimony of the husband it is indisputably clear that his defense to the action was that the money, which admittedly was advanced by the wife, was not a loan at all but that it was a contribution by her for the purpose of acquiring the business property which thereafter was to be a joint enterprise. Now this advance was either a loan or it was not. If it was, and the court so found and we concur, there is no power under

the circumstances of this case, in the absence of agreement, that she should not have execution for her debt in the normal course. A decree for a certain sum of money just as a like judgment at law fixes the existence or non-existence of the claim at issue between the parties. How the judgment shall be enforced is determined by law governing such matters. *Conover* v. *Conover, 17 N. J. Law 187*. A general judgment should not limit its collection to particular property or funds (*33 C. J. 1212 § 149*) unless that be in the agreement of the parties or necessarily inferred from the agreement.

It is also said that that part of the decree which expressly disallowed costs and counsel fee to the complainant should be reversed. It appears that there were other financial transactions and differences between the parties. These were not at issue in this case but found their way into the record when the parties testified without objection to these matters. As we consider the whole situation, we are of the opinion that the vice-chancellor, with due regard to discretion, concluded that to allow costs and counsel fees would be inequitable. In this we concur. The matter of the allowance of costs and counsel fees is discretionary in any event. Compare *Henn* v. *Clifford J. Heath, Inc., 102 N. J. Eq. 596*.

The provision of the decree limiting the complainant's right to execution will be reversed, the remainder of the decree in its several parts affirmed.

*For affirmance*—None.

